## Dunn et al., Executors, Appellants, *v.* Tisch.

*Negotiable instruments—Promissory notes—Insufficient evidence
—Nonsuit.*

In an action on an instrument reading "Received of (plaintiff's
decedent) 47 shares of Lehigh Bleaching and Dyeing stock, par
value $100 per share, which I agree to return or pay for the sum of
four thousand dollars on or before the 27th of April, 1914. Less
the reduction of note which I hold," where plaintiff offered the
note in evidence and rested, the trial judge properly entered a com-
pulsory nonsuit, as it was clear that there was no indebtedness of
$4,000 owing from the defendant to the plaintiff, no evidence having
been produced by which the court could ascertain what would be a
just verdict against the defendant.

Submitted May 29, 1918.   Appeal, No. 88, Jan. T.,
1918, by plaintiffs, from order of C. P. Luzerne Co., June
T., 1916, No. 127, refusing to take off nonsuit, in case of
Joseph L. Dunn and Newton R. Turner, Executors of the
Estate of Thomas A. Dunn, Deceased, v. Louis Tisch.
Before BROWN, C. J., MOSCHZISKER, FRAZER and WAL-
LING, JJ.   Affirmed.

Assumpsit on a promissory note.   Before STRAUSS, J.
The opinion of the Supreme Court states the facts.
The court entered a compulsory nonsuit, which it sub-
sequently refused to take off.   Plaintiffs appealed.

*Error assigned* was in refusing to take off nonsuit.

*M. J. Mulhall,* for appellants.

*John T. Lenahan* and *Chas. B. Lenahan,* for appellee.

PER CURIAM, July 17, 1918:
The plaintiffs rested after offering in evidence the
written  instrument  upon  which  they  brought  their
action.   It was in the following form: "Allentown, Pa.,

April 16, 1914. Received of Thomas A. Dunn forty-seven shares of Lehigh Bleaching and Dyeing stock, par value $100 per share, which I agree to return or pay for, the sum of four thousand dollars on or before the 27th of April, 1914. Less the reduction of note which I hold. [Signed] Louis Tisch." With nothing more before the jury the learned trial judge properly said: "The motion for a nonsuit is sustained, because the contract produced by plaintiffs, upon which the claim is based, shows a possible indebtedness against the defendant, but based upon the four thousand, less a certain note held by the defendant. The plaintiff is dead, the defendant's mouth is sealed. It is evident from the paper that there was no indebtedness of four thousand dollars owing from the defendant to the plaintiff under any circumstances, and as there is no evidence produced by which the court can ascertain what would be a just verdict against this defendant, the nonsuit is sustained."

Judgment affirmed.